**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TIA L. ROSE, | No. 14-36044 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-01954-BR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 25, 2016[**]

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Tia L. Rose appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") did not err in finding that Rose's testimony regarding her symptoms was not fully credible. The ALJ provided specific, clear and convincing reasons for the credibility assessment, including inconsistencies between Rose's testimony regarding her limitations and her activities, inconsistencies between Rose's testimony and the medical evidence, and Rose's failure to seek or follow prescribed treatment. *See id.* at 1112-13 (ALJ can reject claimant testimony about severity of symptoms by offering specific, clear and convincing reasons).

The ALJ did not err in disregarding the limitations contained in John Ellison, M.D.'s evaluation report after finding that Rose was not fully credible. Substantial evidence supported the ALJ's finding that the limitations in Dr. Ellison's report reflected Rose's self-reported history which the ALJ properly found not fully credible. *See id.* at 1111.

The ALJ did not err by discounting Judy Bain's lay witness report. The ALJ provided a germane reason for discounting Bain's report because it conflicted with medical evidence. *Id.* at 1114 (ALJ must give germane reasons for discounting competent lay witness testimony); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

14-36044

2001) (a conflict with medical evidence is a germane reason to discount lay witness testimony).

The ALJ did not err by excluding certain limitations from the hypothetical question posed to the vocational expert. The ALJ properly excluded from the hypothetical limitations that the ALJ did not find to be credible. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (the hypothetical presented to the vocational expert must contain "limitations that the ALJ found credible and supported by substantial evidence in the record").

**AFFIRMED.**